# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**$123,020 IN UNITED STATES CURRENCY**,

    Defendant.

Civil No. 23-

## COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by its attorneys, Teresa A. Moore, United States Attorney for the Western District of Missouri, and Anthony M. Brown, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a verified complaint for forfeiture *in rem* brought pursuant to Title 18, United States Code Section 981(a)(1)(C) for the forfeiture of the defendant property described herein, for violations of Title 21, United States Code, Sections 841 *et seq.*, a "specified unlawful activity" as defined by 18 U.S.C. §§ 1956(c)(7)(D) and 1961(1)(D).

## THE DEFENDANT *IN REM*

2. The Defendant $123,020 in United States currency consists of the following:

    a. Approximately $69,190.00 in United States currency that was seized from a residence in Springfield, Greene County, Western District of Missouri, on or about September 1, 2023;

b.      Approximately $10,930.00 in United States currency that was seized from Corey Williams ("Williams") on or about September 6, 2023, in Springfield, Greene County, Western District of Missouri;

c.      Approximately $13,000.00 in United States currency that was seized from Shannon Wells ("Wells") on or about September 6, 2023, in Springfield, Greene County, Western District of Missouri; and

d.      Approximately $30,000.00 in United States currency that was seized from Williams on or about September 6, 2023, in Springfield, Greene County, Western District of Missouri[1].

The Defendant $123,020 in United States currency is presently in the custody of the Internal Revenue Service.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 18 U.S.C. § 981(a)(1)(C).

4.      This Court has *in rem* jurisdiction over the Defendant $123,020 in United States currency pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 18

---

[1] The defendant currency was initially seized by the Springfield, Missouri Police Department. On September 27, 2023, the Internal Revenue Service assumed custody of the defendant currency. The Springfield, Missouri Police Department issued a check in the amount of $123,020.00 for all four seizures. The check is $100 less than the amounts reported seized because $100 was determined to be counterfeit United States currency.

U.S.C. § 981(h), because a criminal prosecution of the owner of the property has been brought in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 18 U.S.C. § 981(h), because a criminal prosecution of the owner of the property has been brought in this district.

**BASIS FOR FORFEITURE**

6. The Defendant $123,020 in United States currency is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), because it constitutes or is derived from proceeds traceable to a violation of the Controlled Substances Act, 21 U.S.C. 801 et seq., a specified unlawful activity, as defined by 18 U.S.C. §§ 1956(c)(7)(D) and 1961(1)(D).

**FACTUAL ALLEGATIONS**

7. On September 1, 2023, members of the Springfield, Missouri, Police Department ("SPD") conducted a wellness check on L.L. at a residence in, Springfield, Missouri, because she had not shown up to work. When officers arrived at L.L.'s residence, they observed L.L. lying on the couch through the front window unresponsive. Officers forced entry and found L.L. deceased.

8. During a protective sweep of the residence, a stack of cash totaling $69,190.00 was located behind the television, and a loaded handgun was located in the bedroom, in plain view.

9. L.L.'s death was determined by the Greene County, Missouri, Medical Examiner to be an overdose. Search warrants for the residence and L.L.'s cell phone were obtained from the Circuit Court of Greene County, Missouri.

10. Williams and L.L. were known to live at the residence together and were known by law enforcement to be in a romantic relationship.

11. On September 6, 2023, during a traffic stop of Williams, a probable cause search of Williams' vehicle was conducted. Cash in the amount of $10,930.00 and a large amount of drug trafficking-related contraband, including 38 pounds of methamphetamine and two pounds of cocaine, were found inside the vehicle. Williams was arrested after the traffic stop.

12. During the course of the investigation, investigators learned that Williams possibly stored cash related to his drug trafficking activity at the residence of Wells. Detectives went to the residence of Wells located in, Springfield, Missouri, and obtained a consent to search from Wells.

13. Inside the residence, detective found multiple guns, cash, and contraband indicative of drug trafficking. During a post-*Miranda* interview, Wells stated that Williams was an old friend of his and Williams would provide methamphetamine to Wells for Wells to sell to make money.

14. There were two safes at Wells's residence, one belonging to Wells and the other to Williams. In addition to the consent received from Wells, detectives received consent to search Williams's safe from Williams himself, who provided them with the access code.

4

Case 6:23-cv-03381-MDH   Document 1   Filed 12/15/23   Page 4 of 7

15. The safe belonging to Wells contained $13,000.00. The safe belonging to Williams contained $30,000.00. The currency was seized by SPD based on probable cause to believe that the currency constituted proceeds from drug trafficking activity.

16. Williams has admitted to SPD narcotics detectives that he is a "drug dealer" and has no known source of legitimate income.

17. According to state of Missouri records, Wells has had no known source of legitimate income or employment since the second quarter of 2022.

18. In addition, between January and September 2023, investigators seized approximately 50 pounds of methamphetamine, three pounds of cocaine, and half a pound of fentanyl in addition to the defendant United States currency from Williams and Wells.

19. Williams was indicted in the United States District Court for the Western District of Missouri, Case Number 23-3095-01-CR-S-BCW, with possession of a controlled substance, specifically, more than 500 grams of methamphetamine.

## CLAIM FOR RELIEF

### FIRST CLAIM FOR RELIEF

20. The Plaintiff repeats and incorporates by reference the paragraphs above.

21. By the foregoing and other acts, the Defendant $123,020 in United States currency constitutes property derived from or traceable to violations of Title 21, United States Code, Section 841, that is, distribution of a controlled substance, a specified unlawful activity, and therefore is forfeitable to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C).

### SECOND CLAIM FOR RELIEF

22. The Plaintiff repeats and incorporates by reference the paragraphs above.

23. By the foregoing and other acts, the Defendant $123,030 in United States currency constitutes property derived from or traceable to violations of Title 21, United States Code, Sections 841 and 846, that is, conspiracy to distribute a controlled substance, a specified unlawful activity, and therefore is forfeitable to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE the United States prays that the Defendant $123,020 in United States currency be forfeited to the United States, that the Plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

**TERESA A. MOORE**
United States Attorney

*/s/ Anthony M. Brown*
ANTHONY M. BROWN
Assistant United States Attorney
Missouri Bar No. 62504
901 East St. Louis Street
Suite 500
Springfield, Missouri 65806
(417) 575-8167
E-mail: Anthony.Brown2@usdoj.gov

## VERIFICATION

I, Special Agent Nancy Walker, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Internal Revenue Service, Criminal Investigation, that I have read the foregoing Verified Complaint *in Rem* and know the contents thereof, and that the factual matters contained in paragraphs seven through nineteen of the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Internal Revenue Service.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated 12/15/23

                                           *Nancy Walker* (Digitally signed by Walker Nancy L, Date: 2023.12.15 13:16:43 -06'00')
                                           Nancy Walker
                                           Special Agent
                                           Internal Revenue Service – Criminal Investigation